# EXHIBIT 5

*English is not an official language of the Swiss Confederation. This translation is provided for information purposes only and has no legal force.*

# Swiss Criminal Code

of 21 December 1937 (Status as of 1 January 2025)

---

*The Federal Assembly the Swiss Confederation,*

based on Article 123 paragraphs 1 and 3 of the Federal Constitution[1],[2]
and having considered a Federal Council Dispatch dated 23 July 1918[3],

*decrees:*

## Book One:[4] General Provisions

## Part One: Felonies and Misdemeanours

## Title One: Scope of Application

### Art. 1

1. No penalty without a law

A penalty or measure may only be imposed for an act that has been expressly declared to be an offence by law.

### Art. 2

2. Commencement of applicability of the Code

[1] This Code applies to any person who commits a felony or misdemeanour following the date on which it comes into force.

[2] Any person who commits a felony or misdemeanour prior to this Code coming into force is only subject to its terms in the event that the penalty hereunder is less than the penalty that would otherwise apply.

### Art. 3

3. Territorial scope of application

Felonies or misdemeanours in Switzerland

[1] Any person who commits a felony or misdemeanour in Switzerland is subject to this Code.

AS **54** 757, **57** 1328 and BS **3** 203

1 SR **101**

2 Amended by No I of the FA of 30 Sept. 2011 in force since 1 July 2012 (AS **2012** 2575; BBl **2010** 5651 5677).

3 BBl **1918** IV 1

4 Amended by No I of the FA of 13 Dec. 2002, in force since 1 Jan. 2007 (AS **2006** 3459 3535; BBl **1999** 1979).

another person to obtain a payment or service which is clearly disproportionate to the consideration given in return,

any person who acquires a debt originating from an act of profiteering and sells or enforces the same,

shall be liable to a custodial sentence not exceeding five years or to a monetary penalty.

2. If the offender acts for commercial gain, a custodial sentence of from six months to ten years shall be imposed.[218]

### Art. 158

Criminal mismanagement

1. Any person who by law, an official order, a legal transaction or authorisation granted to him, has been entrusted with the management of the property of another or the supervision of such management, and in the course of and in breach of his duties causes or permits that other person to sustain financial loss shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

Any person who acts in the same manner in his capacity as the manager of a business but without specific instructions shall be liable to the same penalty.

If the offender acts with a view to securing an unlawful financial gain for himself or another, a custodial sentence not exceeding five years or to monetary penalty shall be imposed.[219]

2. Any person who, with a view to securing an unlawful gain for himself or another, abuses the authority granted to him by statute, an official order or a legal transaction to act on behalf of another and as a result causes that other person to sustain financial loss shall be liable to a custodial sentence not exceeding five years or to a monetary penalty.

3. Criminal mismanagement to the detriment of a relative or family member is prosecuted only on complaint.

### Art. 159

Misuse of salary deductions

Any employer who breaches his obligation to make use of a deduction from an employee's salary for the payment of taxes, duties, insurance premiums or contributions or in any other way for the benefit of the employee and thus causes loss to the employee shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

[218] Amended by No I 1 of the FA of 17 Dec. 2021 on the Harmonisation of Sentencing Policy, in force since 1 July 2023 (AS **2023** 259; BBl **2018** 2827).

[219] Third para. amended by No I 1 of the FA of 17 Dec. 2021 on the Harmonisation of Sentencing Policy, in force since 1 July 2023 (AS **2023** 259; BBl **2018** 2827).

### Art. 304

Misleading the judicial authorities

1. Any person who reports the commission of a criminal offence to the judicial authorities which he knows has not been committed,

any person who falsely reports to the judicial authorities that he has himself committed an offence,

shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

2. …[418]

### Art. 305

Assisting offenders

[1] Any person who assists another to evade prosecution, the execution of a sentence, or the execution of any of the measures provided for in Articles 59–61, 63 and 64[419] shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

[1bis] Any person who assists a person who is being prosecuted or has been convicted outside Switzerland in respect of a felony in accordance with Article 101 to evade prosecution or the execution of a custodial sentence or a measure within the meaning of Articles 59–61, 63 or 64 in that place shall be liable to the same penalties as in paragraph 1.[420]

[2] If the person assists a relative or another person to whom he is so closely related that his conduct is excusable, he shall not be liable to any penalty.[421]

### Art. 305bis [422]

Money laundering

1. Any person who carries out an act that is aimed at frustrating the identification of the origin, the tracing or the forfeiture of assets which he knows or must assume originate from a felony or aggravated tax misdemeanour shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.[423]

418 Repealed by No I 1 of the FA of 17 Dec. 2021 on the Harmonisation of Sentencing Policy, with effect from 1 July 2023 (AS **2023** 259; BBl **2018** 2827).
419 Part of sentence amended by No II 2 of the FA of 13 Dec. 2002, in force since 1 Jan. 2007 (AS **2006** 3459 3535; BBl **1999** 1979).
420 Inserted by No I of the FA of 9 Oct. 1981, in force since 1 Oct. 1982 (AS **1982** 1530 1534; BBl **1980** I 1241).
421 Amended by No I 1 of the FA of 17 Dec. 2021 on the Harmonisation of Sentencing Policy, in force since 1 July 2023 (AS **2023** 259; BBl **2018** 2827).
422 Inserted by No I of the FA of 23 March 1990, in force since 1 Aug. 1990 (AS **1990** 1077 1078; BBl **1989** II 1061).
423 Amended by No I 4 of the FA of 12 Dec. 2014 on the Implementation of the 2012 Revision of the Recommendations of the Financial Action Task Force, in force since 1 Jan. 2016 (AS **2015** 1389; BBl **2014** 605).

1bis. An aggravated tax misdemeanour is any of the offences set out in Article 186 of the Federal Act of 14 December 1990[424] on Direct Federal Taxation and Article 59 paragraph 1 clause one of the Federal Act of 14 December 1990[425] on the Harmonisation of Direct Federal Taxation at Cantonal and Communal Levels, if the tax evaded in any tax period exceeds 300 000 francs.[426]

2. In serious cases, the penalty is a custodial sentence not exceeding five years or a monetary penalty.[427]

A serious case is constituted, in particular, where the offender:

a.[428] acts as a member of a criminal or terrorist organisation;

b. acts as a member of a group that has been formed for the purpose of the continued conduct of money laundering activities; or

c. achieves a large turnover or substantial profit through commercial money laundering.

3. The offender is also liable to the foregoing penalties where the main offence was committed abroad, provided such an offence is also liable to prosecution at the place of commission.[429]

### Art. 305ter [430]

Insufficient diligence in financial transactions and right to report [431]

[1] Any person who as part of his profession accepts, holds on deposit, or assists in investing or transferring outside assets and fails to ascertain the identity of the beneficial owner of the assets with the care that is required in the circumstances shall be liable to a custodial sentence not exceeding one year or to a monetary penalty.[432]

424 SR **642.11**
425 SR **642.14**
426 Inserted by No I 4 of the FA of 12 Dec. 2014 on the Implementation of the 2012 Revision of the Recommendations of the Financial Action Task Force, in force since 1 Jan. 2016 (AS **2015** 1389; BBl **2014** 605). See also the transitional provision to this amendment at the end of the text.
427 Amended by No I 1 of the FA of 17 Dec. 2021 on the Harmonisation of Sentencing Policy, in force since 1 July 2023 (AS **2023** 259; BBl **2018** 2827).
428 Amended by Annex No II 2 of the FedD of 25 Sept. 2020 on the Approval and Implementation of the Council of Europe Convention on the Prevention of Terrorism and its Additional Protocol and the Strengthening of Criminal Justice Instruments for combating Terrorism and Organised Crime, in force since 1 July 2021 (AS **2021** 360; BBl **2018** 6427).
429 Corrected by the Drafting Committee of the Federal Assembly (Art. 33 ParlPA; AS **1974** 1051).
430 Inserted by No I of the FA of 23 March 1990, in force since 1 Aug. 1990 (AS **1990** 1077 1078; BBl **1989** II 1061).
431 Amended by No I of the FA of 18 March 1994, in force since 1 Aug. 1994 (AS **1994** 1614 1618; BBl **1993** III 277).
432 Penalties revised by No II 1 para. 16 of the FA of 13 Dec. 2002, in force since 1 Jan. 2007 (AS **2006** 3459 3535; BBl **1999** 1979).

### Art. 322quater

Acceptance of bribes

Any person who as a member of a judicial or other authority, as a public official, officially-appointed expert, translator or interpreter, or as an arbitrator demands, secures the promise of or accepts an undue advantage for that person or for a third party in order that he carries out or fails to carry out an act in connection with his official activity which is contrary to his duty or dependent on his discretion,

shall be liable to a custodial sentence not exceeding five years or to a monetary penalty.

### Art. 322quinquies[469]

Granting an advantage

Any person who offers, promises or gives a member of a judicial or other authority, a public official, an officially-appointed expert, translator or interpreter, an arbitrator or a member of the armed forces an undue advantage for that person or for a third party in order that the person carries out his official duties shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

### Art. 322sexies[470]

Acceptance of an advantage

Any person who as a member of a judicial or other authority, as a public official, officially-appointed expert, translator or interpreter, or as an arbitrator, demands, secures the promise of, or accepts an undue advantage for himself or for a third party in order that he carries out his official duties shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

### Art. 322septies

2. Bribery of foreign public officials

Any person who offers, promises or gives a member of a judicial or other authority, a public official, an officially-appointed expert, translator or interpreter, an arbitrator, or a member of the armed forces who is acting for a foreign state or international organisation an undue advantage, or gives such an advantage to a third party, in order that the person carries out or fails to carry out an act in connection with his official activities which is contrary to his duties or dependent on his discretion,

any person who as a member of a judicial or other authority, a public official, an officially-appointed expert, translator or interpreter, an arbitrator, or a member of the armed forces of a foreign state or of an international organisation demands, secures the promise of, or accepts

[469] Amended by No I of the FA of 25 Sept. 2015 (Criminal Law on Corruption), in force since 1 July 2016 (AS **2016** 1287; BBl **2014** 3591).
[470] Amended by No I of the FA of 25 Sept. 2015 (Criminal Law on Corruption), in force since 1 July 2016 (AS **2016** 1287; BBl **2014** 3591).

an undue advantage for himself or for a third party in order that he carries out or fails to carry out an act in connection with his official activity which is contrary to his duty or dependent on his discretion[471]

shall be liable to a custodial sentence not exceeding five years or to a monetary penalty.

### Art. 322octies[472]

3. Bribery of private individuals

Bribery

1. Any person who offers, promises or gives an employee, partner, agent or any other auxiliary of a third party in the private sector an undue advantage for that person or a third party in order that the person carries out or fails to carry out an act in connection with his official activities which is contrary to his duties or dependent on his discretion shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

2 In minor cases, the offence is only prosecuted on complaint.

### Art. 322novies [473]

Accepting bribes

1 Any person who as an employee, partner, agent or any other auxiliary of a third party in the private sector demands, secures the promise of, or accepts an undue advantage for himself or for a third party in order that the person carries out or fails to carry out an act in connection with his official activities which is contrary to his duties or dependent on his discretion shall be liable to a custodial sentence not exceeding three years or to a monetary penalty.

2 In minor cases, the offence is only prosecuted on complaint.

### Art. 322decies [474]

4. General provisions

1 The following are not undue advantages:

a. advantages permitted under public employment law or contractually approved by a third party;

b. negligible advantages that are common social practice.

2 Private individuals who fulfil official duties are subject to the same provisions as public officials.

471 Paragraph inserted by Art. 2 No 2 of the FedD of 7 Oct. 2005 on the Approval and Implementation of the Criminal Law Convention and the Additional Protocol of the Council of Europe on Corruption, in force since 1 July 2006 (AS **2006** 2371 2374; BBl **2004** 6983).

472 Amended by No I of the FA of 25 Sept. 2015 (Criminal Law on Corruption), in force since 1 July 2016 (AS **2016** 1287; BBl **2014** 3591).

473 Inserted by No I of the FA of 25 Sept. 2015 (Criminal Law on Corruption), in force since 1 July 2016 (AS **2016** 1287; BBl **2014** 3591).

474 Inserted by No I of the FA of 25 Sept. 2015 (Criminal Law on Corruption), in force since 1 July 2016 (AS **2016** 1287; BBl **2014** 3591).